UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

FILED
JAN 11 2022
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

| | |
|---|---|
| VANCE DOTSON as assignee of TERRELL ENGMANN<br>Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>)<br>) |
| v. | ) Case No. 21-cv-01110-C<br>) |
| ENHANCED RECOVERY COMPANY, LLC., and VANCE AND HUFFMAN, LLC., and NATIONAL CREDIT ADJUSTERS, LLC.,<br>Defendant. | )<br>)<br>)<br>)<br>) |

**BRIENF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE NATIONAL CREDIT ADJUSTERS, LLC., AFFIRMATIVE DEFENSES**

## I.  INTRODUCTION

Plaintiff Vance Dotson and Terrell Engmann ("Plaintiff"), a consumer, filed this civil action against Defendant National Credit Adjusters, LLC., ("Defendant" or "NCA") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. On January 10, 2022, Defendant filed an Answer [28] that denied many of the Plaintiff's allegations and asserted eight (5) affirmative defenses. *See* [28] at (pages 3-4). The specific subject affirmative defenses in Defendant's Answer [28] that Plaintiff contends

are insufficient, frivolous, vague, conclusory, and without factual basis are, respectively:

i. Defendant affirmatively pleads, "Any violation, if it occurred, was the result of a bona fide error. Specifically, NCA has policies and procedures in place to ensure that disputed accounts are marked as disputed. If the account at issue was not marked as disputed, any error in marking the account as disputed was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Id.*

ii. Defendant affirmatively pleads, "Plaintiff's damages, if any, are the result of the actions of third parties over whom NCA has no control. Specifically, if any credit bureau failed to update Plaintiff's account as disputed, this is no fault of NCA." *Id.*

iii. Defendant affirmatively pleads, "Plaintiff's damages, if any, were pre-existing damages not caused by ICS. Insofar as Plaintiff is alleging mental anguish damages, NCA asserts that those damages were not caused by NCA." *Id.*

iv. Defendant affirmatively pleads, "Plaintiff has failed to mitigate damages, if any. Specifically, if Plaintiff believed that the account should have been marked as disputed, Plaintiff never made that fact known to NCA." *Id.*

v. Defendant affirmatively pleads, "Plaintiff proximately caused her own damages, if any. Specifically, if Plaintiff believed that the account should have been marked as disputed, Plaintiff never made that fact known to NCA." *Id.*

In light of the foregoing insufficient affirmative defenses filed by Defendant, Plaintiff and files this Motion to Strike Affirmative Defenses. *See Graham v CAC Financial Corp.*, CIV 18-376-R, ECF Doc. 10, August 29, 2018 (Judge Russell Striking Similar insufficiently pled Affirmative Defenses).

## II. ISSUE

The issue is whether Defendant's 8 affirmative defenses are insufficient.

## III. RULE

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a part either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

## IV. ARGUMENT

### A. DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN LEGALLY INSUFFICIENT UNDER RULE 12(f).

Plaintiff requests this Court to strike the Defendant's five (5) affirmative defenses as insufficient, frivolous, vague, conclusory, and without factual basis

3

under Rule 12(f) of the Federal Rules of Civil Procedure. Defendant's affirmative defenses are merely boilerplate recitations that are so vague that they do not provide fair notice and significantly hinder Plaintiff's ability to narrowly tailor discovery or adequately prepare for trial in this case. Therefore, this Court should strike the Defendant's 8 affirmative defenses.

This Court is faced with the following issues: (1) Whether *Twombly's* plausibility standard should apply to the affirmative defenses pled by Defendant; and (2) Are Defendant's five (5) affirmative defenses insufficient so as to warrant striking those purported defenses under Fed. R. Civ. P. 12(f)?

Rule 12(f) of the Federal Rule of Civil Procedure authorizes this Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f)'s purpose is to "to avoid the expenditure of time and money that must arise from litigating spurious issues." *Pugh v. City of Okla. City*, No. CIV-15-1070-D, 2015 U.S. Dist. LEXIS 166138, at *3 (W.D. Okla. Dec. 11, 2015) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Rule 12(f) is also designed to "reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d. ed. 2014).

Although not generally favored, motions to strike should nonetheless be granted if the asserted defenses are insufficient as a matter of law, will confuse

the issues in the case, or will otherwise prejudice the moving party. *See, e.g., Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–61 (5th Cir. 1982); *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Rodriguez v. Physician Lab. Servs., LLC,* No. 7:13-cv-622, 2014 WL 847126, at *2–3 (S.D. Tex. Mar. 4, 2014); *Rice v. Reliastar Life Ins. Co.*, No. 11-cv- 44-BAJ-M2, 2011 WL 1168520, at *2–4 (M.D. La. Mar. 29, 2011). *See generally* 5C Wright & Miller, *supra*, § 1381.

### 1. Defendant's boilerplate eight (8) affirmative defenses are devoid of facts and insufficient under the *Twombly* standard for pleadings.

The United States Supreme Court established new pleading standards in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). These cases require plaintiffs to not only provide fair notice of their claims but also plead sufficient facts that show that the right to relief is plausible. *Ashcroft*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56. Mere formulaic recitations of the elements of a claim for relief or "unadorned, the-defendant-harmed-me allegations," or allegations that only state "labels and conclusions" or "naked assertion[s]" "devoid of further factual enhancement" do not meet the pleading standards for a complaint. *Twombly*, 550 U.S. at 555-57. Although the Tenth Circuit Court has not resolved this issue, the vast majority of courts addressing this issue have held that *Twombly's* plausibility standard applies to affirmative defenses.

In *Kleppinger*, for example, the defendant asserted numerous affirmative defenses simply by listing the names of the defenses. *Kleppinger v. Texas DOT*, 2012 U.S. Dist. LEXIS 198322 (S.D. Tex. August 10, 2012). The Court concluded "to plead an affirmative defense sufficiently, a defendant must plead "only enough facts to state [an affirmative defense] that is plausible on its face." Id. at 15. In other words, "if an affirmative defense gives fair notice of the defense by alleging sufficient facts to be plausible, then the motion to strike is futile." *Id.*

### a. Holding defendants and plaintiffs to the same *Twombly* pleading standard promotes fairness amongst the parties.

It is simply inequitable to hold Plaintiffs to a higher pleading standard than Defendants. Just as a Defendant faced with a conclusory, vague, or factually deficient complaint, a Plaintiff should not have to respond to and prepare discovery for defenses that lack factual support.

In *U.S. v. Quadrini*, the District Court reasoned that the same pleading standards must apply to Defendants and Plaintiffs alike. *United States v. Quadrini*, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007). In *Quadrini*, the Defendant pleaded eight affirmative defenses in one sentence by naming each defense in succession. Id. at 5. "[O]therwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense

6

would withstand a Rule 12(b)(6) challenge." Id. at 11-12. Therefore, "[l]ike the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success." *Id.* at 12.

### 2. *Twombly's* interpretation of Rule 8(a)(2) applies to affirmative defenses under Rule 8(b).

Rule 8(a)(2) requires that Plaintiffs plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Similarly, Rule 8(b) requires that defendants "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. Pro. 8(b)(1)(a). Both subsections of Rule 8 require a "short and plain" statement in the pleading of claims and affirmative defenses. Further, "under Rule 8(c), a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2017 WL 3130581, at *1 (S.D. Tex. Jul. 24, 2017) (Miller, J.) (quotations omitted) (citing *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008)).

For example, in *Hayne v. Green Ford Sales, Inc.*, the court held that affirmative defenses must allege factual allegations sufficient to establish plausibility under Rule 8(b)(1)(A). *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 651 (D. Kan. Dec. 22, 2009). The court opined that Rule 8's general

7

pleading standard, applies equally to claims and defenses. *Id.* The court reasoned that due to the parallel terminology of the "short and plain statement" language of Rule 8(a)(2) and the "short and plain terms" language of Rule 8(b)(1)(A), these rules establish the same pleading standard for claims and affirmative defenses, respectively. Id.; See also *Aguilar v. City Lights of China Restaurant*, 2011 WL 5118325, *3 (D. Md. Oct. 24, 2011).

### 3. The practical purpose of *Twombly's* plausibility standard is universal to all pleadings.

Litigation efficiency, erasing boilerplate complaints, and eliminating or at least limiting unnecessary discovery are all benefits of the *Twombly* decision. Accordingly, many courts have applied the *Twombly* standard to effectuate the same benefits. In the view of such courts, applying the heightened pleading standard to affirmative defenses serves the policy goals of *Twombly* and *Iqbal* in promoting litigation efficiency, in erasing boilerplate affirmative defenses, and in eliminating or at least limiting unnecessary discovery regarding asserted affirmative defenses.

For example, in *Burget,* the court held that the *Twombly* standard applies equally to plaintiffs and defendants, and that adverse parties should be provided enough information about an affirmative defense to allow them to tailor their discovery. *Burget v. Capital West Securities, Inc.*, No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). The court reasoned that

applying this standard to affirmative defenses was in keeping with *Twombly's* desire to avoid unnecessary discovery.

In the instant case, all or nearly all of Defendant's asserted affirmative defenses are, either, insufficiently pled or simply not affirmative defenses. Such conclusory, shotgun assertions, absent factual support and addressing the Plaintiff's complaint as a whole, as if each count was like every other count, was insufficient as a matter of law. Plaintiff can only speculate as to what the Defendant is referring to and even that is quite difficult. Applying the *Twombly* standard to Defendant's affirmative defenses would be consistent with the Supreme Court's reasoning in *Twombly* and assist the Plaintiff in eliminating, or at least, limiting unnecessary discovery in the present action.

For example, without pleading any facts in support thereto, Defendant attempts to assert a bona fide error defense shield it from liability under the FDCPA.

The FDCPA imposes strict liability on debt collectors for continuing "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Id. § 1692e(8) (emphasis added). 15 U.S.C. § 1692e (8); Although the FDCPA imposes strict liability in such cases, debt collectors may seek to demonstrate that their actions were the result of a "bona fide error" to avoid liability. 15 U.S.C. §

9

1692k; "The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof." To establish the defense, the debt collector must establish, by the preponderance of the evidence, that "(1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 604–05 (2010).

To utilize the bona fide error defense as a shield, the defense must establish that it maintained procedures "designed to avoid discoverable errors." As this Court previously noted the Tenth Circuit uses a two-step process to determine whether the "procedures" prong may have been satisfied. First the debt collector must " '[maintain]—i.e., actually [employ] or [implement]—procedures to avoid errors.'" Id. (quoting Johnson v. Riddle, 443 F.3d 723, 729 (10th Cir. 2006)). Second the procedures must be "'reasonably adapted' to avoid the specific error at issue." Id. "To qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors." And, further "[i]f the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect.

The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604–05 (2010). Therefore, a defendant must assert and explain how a procedure or policy is tailored to avoid the specific mistake at issue to take advantage of the bona fide error defense.

This section of the FDCPA is clear; if a debt collector knows, or should know, that a specific debt is disputed, it must communicate that fact if it elects to communicate other information regarding that debt. This includes communications to consumer reporting agencies. A dispute can be made for any reason and "a debt collector cannot require a consumer to have a valid reason or to submit particular types of documentation in order to dispute a debt." Hudspeth v. Capital Mgmt. Servs., L.P., No. 11-CV-03148-PAB-MEH, 2013 WL 674019, at *7 (D. Colo. Feb. 25, 2013) (citing DeSantis v. Computer Credit, Inc., 269 F.3d 159, 162 (2d Cir. 2001).

In Hudspeth the court held, citing DeSantis that "[t]he consumer's right to take the position . . . that the debt is disputed does not depend on whether the consumer has a valid reason not to pay. The consumer, for example, may not recognize the name of the creditor, may not know whether he incurred the debt, may have a question whether the debt (or part of it) has been paid, or may be unsure of the amount. . . ." Id. Furthermore, "[t]here is no requirement

11

that any dispute be 'valid' for this statute to apply; only that there be a dispute." Hoffman v. Partners in Collections, Inc., No. 93 C 4182, 1993 WL 358158, at *4 (N.D. Ill. Sept. 14, 1993).

The case below tried to use the bona fide error defense while mishandling of the consumer mail correspondence.

Isham v. Gurstel, Staloch & Chargo, P.A., 738 F. Supp. 2d 986, 1000 (D. Ariz. 2010). Further the Court noted "there is no way to confirm that a piece of mail was properly received and handled during the [relevant] period. During this time, [Defendant] had no policy or procedure in place to verify whether the proper notations for a consumer's letter are actually entered by the paralegal." Id. As was the case in Isham, so here there are no such procedures designed to avoid errors in place. As did the Defendant in Isham, US Collections also asserts that it "gives a test twice yearly on the FDCPA to its collectors[,] who must maintain a minimum grade of 80%," hosts meetings with supervisors to ensure compliance with the FDCPA, and distributes memos to clerks explaining how to handle disputes. These are general policies aimed at FDCPA compliance, but they do not remedy the specific problem at issue here, namely the mishandling of mail. See Isham, 738 F. Supp. 2d at 999 (finding that no reasonable jury could find that the defendant was entitled to the bona fide error defense, "[d]espite [the defendant's] showing of elaborate FDCPA compliance and office procedures," because it "fail[ed] to demonstrate

procedures 'reasonably adapted' to the specific error that caused it to violate the FDCPA in Isham's case—mishandling and loss of consumer mail"). Here Phoenix Financial Services, LLC., failed to articulate any evidence of a policy or procedure tailored to address the specific error at issue here, and thus it failed to meet its burden of proof to establish the bona fide error defense.

Importantly, a Debt Collector can invoke the bona fide error defense only if it claims it made an error of **fact**, not an error of **law**. In Jerman, the Supreme Court reiterated that "ignorance of the law will not excuse any [person's liability], either civilly or criminally." 559 U.S. at 582. The Supreme Court inferred that Congress chose to permit consumers to recover damages under the FDCPA "for 'intentional' conduct, including violations resulting from mistaken interpretation of the FDCPA." Id. at 584. Thus, the Supreme Court held that the "bona fide error defense in 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of the statute." Jerman, 559 U.S. at 605-06; see also Nielson v. Dickerson, 307 F. 3d 623 (7th Cir. 2002); Backer v. G.C. Services Corp., 677 F. 2d 775 (9th Cir. 1982); Diaz v. Kubler Corp., 2013 WL 6038344 (S.D. Cal. 2013); New v. Gemini Capital Group, 859 F. Supp. 2d 990 (S.D. Fla. 2012); Register v. Reiner & Bendett, PC, 488 F. Supp. 2d 143 (D. Conn. 2008); Patzka v. Viterbo College, 917 F. Supp. 654 (W.D. Wis. 1996).

13

## V. CONCLUSION

Wherefore, Plaintiff prays that pursuant to Fed. R. Civ. P. 12(f), this Court enter an order striking Defendant's five (5) Amended Affirmative Defenses, and grant such further relief that this Honorable Court deems just and proper.

Respectfully submitted,

Dated: January 11, 2022

Vance Dotson, *attorney-in-fact*
425 W. Wilshire Blvd., Suite E
Oklahoma City, OK 73116
Phone: (405) 406-7323
Email: vancedotson@yahoo.com
PLAINTIFF (*pro se*)

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served via USPS mail to:

| Xerxes Martin, IV<br>8750 North Central Expressway, Suite 1850<br>Dallas, TX 75231 | Cooper M. Walker<br>8750 North Central Expressway, Suite 1850<br>Dallas, TX 75231 |
|---|---|

Dated:   <u>January 11, 2022</u>     */s/ Vance Dotson*

Vance Dotson, *attorney-in-fact*