IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VANCE DOTSON as assignee of TERRELL ENGMAN, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. CIV-21-1110-C |
| ENHANCED RECOVERY COMPANY, LLC.; VANCE AND HUFFMAN, LLC.; And NATIONAL CREDIT ADJUSTERS, LLC., | ) ) ) ) ) ) | |
| Defendants | ) | |

O R D E R

Plaintiff has filed a Motion to Strike the Affirmative Defenses raised by Defendants Vance & Huffman, LLC, National Credit Adjustors, and Enhanced Recovery Company, LLC ("ERC"). Plaintiff's claims against National Credit Adjustors have been settled, rendering the Motion moot as to that Defendant. Defendant Vance & Huffman has filed an Amended Answer which omitted all affirmative defenses. Thus, Plaintiff's Motion is moot as to that Defendant. Defendant ERC has filed a Response to Plaintiff's Motion.

In his Motion, Plaintiff argues that ERC has failed to adequately plead its affirmative defenses and therefore they should be stricken pursuant to Fed. R. Civ. P 12(f). Plaintiff argues that the Court should apply the pleading standards set out in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), to ERC's affirmative defenses and under those standards the defenses are inadequately pleaded requiring they be stricken. In response, ERC argues it has sufficiently pleaded facts in support of the defenses.

The Tenth Circuit has not decided that the Twombly/Iqbal pleading standards apply to affirmative defenses and the Judges in this district have reached different conclusions on the issue.  However, it is unnecessary to resolve the issue, as the Court finds that even if the standards set forth in Twombly/Iqbal are applied, ERC's pleading is sufficient.  To meet the requirements set forth in Twombly/Iqbal, the pleader must set forth sufficient facts to state a plausible claim for relief.  Here, the affirmative defenses raised by ERC meet this standard. Affirmative defenses do not stand alone but must be considered in light of the allegations raised in a complaint.  As they are a response to that document, the two must be considered together in determining if there are adequate facts alleged to support the claim for relief.  When read in conjunction with the Amended Complaint, ERC's defenses adequately apprise Plaintiff of the nature and substance of its defenses.

Accordingly, Plaintiff's Motion to Strike National Credit Adjustors, LLC', Affirmative Defenses (Dkt. No. 12) and Plaintiff's Motion to Strike Vance & Huffman, LLC's Affirmative Defenses (Dkt. No. 21) are DENIED as MOOT.  Plaintiff's Motion to Strike Enhanced Recovery Company, LLC., Amended Affirmative Defenses (Dkt. No. 34) is DENIED. Plaintiff's Motion to Strike Enhanced Recovery Company, LLC., Affirmative Defenses (Dkt. No. 26) is  DENIED as MOOT.

IT IS SO ORDERED this 1st day of March 2022.

ROBIN J. CAUTHRON
United States District Judge