IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

VANCE DOTSON as assignee of )
TERRELL ENGMANN, )
 )
         Plaintiff, )
 )
vs. )    No. CIV-21-1110-C
 )
ENHANCED RECOVERY COMPANY, )
LLC.; VANCE AND HUFFMAN, LLC.; )
And NATIONAL CREDIT ADJUSTERS, )
LLC., )
 )
         Defendants )

## MEMORANDUM OPINION AND ORDER

Defendant Enhanced Recovery Company, LLC ("ERC"), has filed a Motion for Judgment on the Pleadings. Although the time to respond has passed, Plaintiff has not responded or sought additional time to respond. Accordingly, pursuant to LCvR 7.1, the facts outlined by Defendant ERC will be deemed confessed.

Defendant ERC states that Plaintiff is the assignee of Terrell Engmann. According to Defendant ERC, Mr. Engmann allegedly had an erroneous report made to the credit bureaus regarding a collection account in his name. Mr. Engmann then assigned that account to Plaintiff to pursue a claim that Defendant ERC had violated the Fair Debt Collection Practices Act ("FDCPA"). Defendant ERC brought the present Motion arguing that Oklahoma law does not permit assignment of this claim. Defendant ERC asserts under Oklahoma law only claims arising in contract and subrogation can be assigned. Defendant ERC directs the Court to 12 Okla. Stat.

§ 2017(D).  In pertinent part, that statute states:  "The assignment of claims not arising out of contract is prohibited."  In the case at bar, there is no evidence to suggest that Mr. Engmann's claims arose out of a contractual relationship with Defendant ERC.  Rather, it is clear that any claim Mr. Engmann has against Defendant ERC for the alleged violation of the FDCPA sounds in tort.  Accordingly, the claim cannot be assigned and Plaintiff cannot pursue this action as he is not the real party in interest.

Defendant ERC brought the present Motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."  Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000).  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc., 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  For the reasons set forth above, Plaintiff has failed to satisfy this standard.  Accordingly, Defendant ERC's Motion will be granted.

For the reasons set forth herein, Defendant Enhanced Recovery Company, LLC's Motion for Judgment on the Pleadings (Dkt. No. 42) is GRANTED.  Because no amendment could cure the defects noted herein, the case will be DISMISSED with prejudice, and a judgment shall enter accordingly.  In light of the dismissal, Plaintiff's

Motion to Compel Discovery Responses from Defendant Enhanced Recovery Company, LLC (Dkt. No. 41), is STRICKEN as moot.

IT IS SO ORDERED this 11th day of May 2022.

*ROBIN J. CAUTHRON*
United States District Judge